UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 10-64-HRW

JAMIE STURGILL, PLAINTIFF,

v.     **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,     DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on April 20, 2006, alleging disability beginning on August 13, 2005, due to back pain (Tr. 137). This application was

denied initially and on reconsideration (Tr. 73-75). On August 6, 2008, an administrative hearing was conducted by Administrative Law Judge Ronald Kayser (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 23, 2008, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 15-22).

Plaintiff was 35 years old at the time of the hearing decision (Tr. 107). He has a 9th grade education (Tr. 141). His past relevant work experience consists of work as a fence installer (Tr. 137-138).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffers from low back pain secondary to mild bulging and mild degenerative disc disease, which he found to be "severe" within the meaning of the Regulations (Tr. 18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 20) but determined that he has the residual functional capacity ("RFC") to perform a wide range of medium work with certain restrictions as set forth in the hearing decision (Tr. 18-20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20-21).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 26, 2010 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 13] and this matter is ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly considered Jay Athy, Ph.D.'s January 17, 2007 assessment substantial evidence in support of finding Plaintiff not disabled and (2) the ALJ acted as a medical expert.

**C.     Analysis of Contentions on Appeal**

Plaintiff claims that the ALJ improperly considered Jay Athy, Ph.D.'s January 17, 2007 assessment substantial evidence in support of finding Plaintiff not disabled.

On January 17, 2007, Jay Athy, Ph.D., a state agency reviewing psychologist, reviewed the records and opined that Plaintiff had no medically determinable mental impairment (Tr. 235-250). Dr. Athy was tasked with

5

reviewing the records in January 2007, at the reconsideration level after Plaintiff's claim was denied initially (Tr. 235-250). As such, Dr. Athy's review did not include records from Kentucky River Community Care ("KRCC"). Indeed, Plaintiff did not submit records from KRCC in connection with the instant application so Dr. Athy had no access to them. Thus, it appears Dr. Athy was correct, in January 2007, that there was no medically determinable mental impairment based on the then-present records (Tr. 235).

In support of his argument, Plaintiff cites *Barker v. Shalala*, 40 F.3d 789 (6th Cir. 1994). He implies that *Barker* stands for the proposition that where a nonexamining medical source's opinion is accepted over an examining medical source's opinion, the nonexamining source should have access to the entire record.

Yet, nowhere in *Barker* did the Court impose an absolute rule in this regard. Rather, the Court listed several reasons why the ALJ could accept the opinion of a medical expert who was present at the hearing over that of an examining source. One such reason was that the expert had access to the entire record. Plaintiff's reading of *Barker* is too narrow

In the instant case, the ALJ did not specifically state that he was accepting Dr. Athy's report over any other reports from examining doctors, including the KRCC reports (Tr. 15-22). Plaintiff has conceded that at the time Dr. Athy

6

reviewed the records, he had not raised any significant issue as to any alleged mental impairment (Pl.'s Br. at 3).

Moreover, the time-relevant 2006 and 2008 KRCC treatment records are very limited, showing only that Plaintiff presented to KRCC once in April 2006 for depression and once in May 2008 (Tr. 292-293, 295-297, 306-307, 310-311). In April 2006, a KRCC staff member wrote that Plaintiff needed to work on coping with life changes and diagnosed moderate depression; and in May 2008, a KRCC staff member wrote that Plaintiff had a limited ability to cope with the demands of living (Tr. 295, 297, 307). Treatment was very limited and does not support work-related restrictions.

Plaintiff also argues that the ALJ acted as a medical expert. However, the Court, having reviewed the hearing decision in detail, finds no instance where the ALJ articulated a medical opinion. Rather, the ALJ determined the RFC based upon the medical evidence of record. The ALJ bears the ultimate responsibility for reviewing the medical evidence and formulating the RFC. 20 C.F.R. § 404.1527(e)(2). The Court finds no error in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 8th day of August, 2011.



Henry R. Wilhoit, Jr., Senior Judge